# NO. 12-12-00391-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL SHEDDAN,* *APPELLANT* | § | *APPEALS FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Michael Sheddan appeals his convictions for aggravated assault with a deadly weapon, deadly conduct with a firearm, and unlawful possession of a firearm by a felon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the judgment and, as modified, affirm.

## BACKGROUND

Appellant was charged by indictment with the offenses of aggravated assault with a deadly weapon, a second degree felony; two counts of deadly conduct with a firearm, a third degree felony; and unlawful possession of a firearm by a felon, a third degree felony. The indictment also included a felony enhancement paragraph relating to each of the alleged offenses, except for the offense of unlawful possession of a firearm by a felon. Before trial, the State dismissed one of the counts of deadly conduct with a firearm. Appellant entered an open plea of "guilty" to the offense charged. Appellant and his counsel signed a document entitled "Written Plea

Admonishments—Waivers—Stipulations" in which Appellant swore and judicially confessed that he committed each and every element of the offenses alleged in the indictment. He also pleaded "true" to the enhancement paragraph. The trial court accepted Appellant's plea of guilty to each count of the indictment and his plea of "true" to the enhancement paragraph.

After a punishment hearing, the trial court adjudged Appellant guilty of aggravated assault with a deadly weapon, deadly conduct with a firearm, and unlawful possession of a firearm by a felon, and found the enhancement paragraph to be "true." The trial court assessed Appellant's punishment at twenty-five years of imprisonment for aggravated assault with a deadly weapon; twenty years of imprisonment for deadly conduct with a firearm; and ten years of imprisonment for unlawful possession of a firearm by a felon. The trial court also made an affirmative deadly weapon finding. Further, the sentences are to run concurrently. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal. We have reviewed the record for reversible error and have found none.[1] *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We note, however, that the trial court's written judgment incorrectly reflects that the plea to, and finding on, the first enhancement paragraph were "N/A." We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(B); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.–Dallas 1991, pet. ref'd). Appellant pleaded "true" to the

---

[1] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

first enhancement paragraph. Likewise, the trial court found the first enhancement paragraph to be "true." Therefore, the trial court's judgment should be modified to reflect that Appellant pleaded "true" to first enhancement paragraph and that the trial court found the first enhancement paragraph to be "true."

#### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*. We *modify* the trial court's judgment to reflect that Appellant pleaded "true" to the first enhancement paragraph and that the trial court found that the first enhancement paragraph was "true." We *affirm* as *modified*. *See* TEX. R. APP. P. 43.2; *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed).

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 3, 2013**

**NO. 12-12-00391-CR**

**MICHAEL SHEDDAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 2174th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. 2012-0086)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the trial court's judgment should be modified to reflect that Appellant pleaded "true" to the first enhancement paragraph and that the trial court found the first enhancement paragraph to be "true," and as **modified**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*